In re SOLBERG'S Estate.

LEWIS, Appellant, v. RASK, Respondent.

(226 N. W. 278.)

(File No. 6444. Opinion filed June 27, 1929.)

See, also, 51 S. D. 246, 213 N. W. 9.

*Jorgenson & Anderberg*, of Sisseton, for Appellant.
*Turner & McKenna*, of Sisseton, for Respondent.

MISER, C. On May 16, 1911, respondent, Rask, was, by the county court of Roberts county, appointed guardian of the estate Kristian Solberg, incompetent. On March 12, 1925, he was removed for failure to account, and thereafter appellant, Lewis, was appointed guardian. On March 20, 1925, respondent, having been brought before the county court to account, filed a report to which appellant filed exceptions. The county court disallowed respondent's report. On appeal from the order of disallowance, trial to the circuit court without a jury was had; and, on July 12, 1926, findings of fact, conclusions of law and judgment were made and entered. This appeal is from that judgment and from the order denying motion for new trial.

The circuit court found that the only property of the incompetent which came into the control of respondent was a quarter section of land; that, on April 16, 1919, respondent filed a report showing $2.29 cash on hand; that $250 was then due the guardian for services and $250 for attorney's fees expended, and that there was a mortgage on the land of $1,700, dated June 1, 1915, maturing June 1, 1920, with interest at 8 per cent; that said report of April 16, 1919, was duly approved; that, after the making of the $1,700 mortgage, the land was rented to Sigvart Solberg, one of the sons of the incompetent, for a share of the crop, which proved insufficient to pay interest and taxes; that, on December 22, 1919, pursuant to his petition, respondent was granted leave to sell the land at private sale for cash; that, on April 24, 1920, he made report to the county court that he had sold the land to said Sigvart Solberg for the sum of $6,500, whereupon respondent was directed to execute a legal conveyance of the property; that Sigvart Solberg was unable to secure the money to pay for the land; that respondent could find no other buyer, and could not pay interest or taxes; that the mortgagee threatened foreclosure; "that after consultation with the next of kin of said insane ward it was agreed between them and the guardian that it would be for the best interest of said estate that the land be deeded to Sigvart Solberg, a son of the insane ward, if he could raise, by mortgaging the land,

sufficient to pay the delinquent mortgage, interest and taxes, and thereby save the property"; that, on March 15, 1921, respondent executed and delivered to 'Sigvart Solberg a deed to the premises; that Sigvart Solberg mortgaged the land to one Axness for $2,500, and executed and delivered to 'respondent, as guardian, a junior mortgage on the land, securing the note of himself and wife for the $4,000, balance; that, out of the proceeds of the mortgage to Axness, respondent paid the $1,700 mortgage, interest, taxes, premium on bond, clerk's, sheriff's, publisher's, and recording fees, and the attorney's fee of $250 of the 1919 report; that he should receive $250 for services rendered prior to April 16, 1919, and $150 for guardian services since April 16, 1919, making a total credit of $2,853.92; and, inasmuch as he had on April 16, 1919, a balance of $2.29, and had since received $2,500, there was still due to respondent as guardian $351.63 for which he should have credit.

On these findings the circuit concluded that the final report of respondent should be approved; that it was for the best interest of the estate that the sale to Sigvart Solberg be approved; that the estate had received from respondent all the proceeds of the sale, except the $4,000 note and mortgage; and that, when this note and mortgage was delivered by respondent to appellant, respondent should be discharged and his bonds released.

On these findings and conclusions, judgment was entered in favor of respondent, the sale adjudged valid, respondent charged with $2,502.29 and credited with $2,853.92, and adjudged entitled, upon delivery of the $4,000 note and mortgage, to be discharged as guardian and his bond exonerated.

The fact is not found, though the uncontradicted evidence shows, that the $2,500 mortgage given to Axness had been foreclosed and no redemption had been made, nor that the note for $4,000, by delivery of which respondent was to be absolved from liability, was past due, no interest thereon paid and secured only as above stated, nor was the value thereof found.

The fact is not found, though the uncontradicted evidence also shows, that, in the order of the county court confirming sale and directing "a proper and legal conveyance of said real property" it was recited that the property had been sold "to the highest bidder for cash," or that in the guardian's deed it was recited that

"said Sigvart Solberg * * * has in all things complied with the terms of said sale on his part to be performed."

The circuit court did find that the value of the land on April 6, 1920, which was the date of Sigvart Solberg's bid, and up to the time of trial, was $2,800. There was evidence, the admissibility of which is not herein decided, tending to support a finding that, in 1925, the value of the land was $2,800. We have found nothing in the record supporting a finding of such value on April 6, 1920. Indeed, the order of the county court authorizing the sale, dated December 22, 1919, stated that said real property was "of the appraised value of $5,600.00"; and the report of the appraisers, dated April 15, 1920, and approved by the county court on April 17, 1920, fixed its value at $6,400.

There was no finding, although the uncontradicted evidence showed, that in 1915 respondent, as guardian, executed the mortgage of $1,700 and a commission mortgage of $170; that the rentals he received from the person whose $4,000 note and second mortgage he later received in lieu of cash were insufficient to fully pay the interest and taxes; that in his petition for order of sale dated October 28, 1919, respondent represented that the real property was "encumbered by a mortgage of *$2,500.00 and interest,* that said real property seldom produces revenue sufficient to more than pay interest on said mortgage loan, the taxes on said land and expenses of looking after the same; that the equity in said land could not be sold, and that it would be for the best interest and benefit of said insane ward that all of said real property should be sold and the proceeds thereof be put out at interest"; that, in the order of sale thereafter issued, after a recital as facts of the representations so made by respondent, he was ordered to sell for cash; nor is there any finding as to who was the owner, at the conclusion of respondent's term of guardianship of the land of his insane ward, unless it was intended to cover the foregoing matters by the finding "that the making and delivery of the guardian's deed * * * is irregular and not in strict accordance with the order of sale; but that it is for the best interest of said estate that said sale be confirmed and held valid."

Of the fifty-three assignments of error stated in appellant's brief, those which sufficiently present an error for review raise the legal question whether a guardian of an insane person

may violate the express provisions of sections 3535, 3538, 3539, 3542, and 3543, Rev. Code 1919, relating to the sale of the real property of a ward, and then be absolved from liability by the tender of such a note. We are cited to no authority which permits it. Counsel for respondent—who, in fairness be it noted, did not represent him prior to his removal as guardian—do not contend that such statutes may be violated with impunity. They do contend that "by section 3452, Rev. Code 1919, the measure of damages for a neglect or misconduct in any proceeding connected with a sale is the amount that the estate or ward lost by reason thereof."

The most casual inspection of that section discloses that it fixes no measure of damages. Nor does section 3361, Rev. Code 1919, to which they also refer, furnish adequate support for their position. The words therein "without his fault" and "if the sale has been justly made" prevent that statute from being applied in respondent's behalf.

Respondent also contends that the most that the estate could have lost is the value of the land, less the liens against it, and inasmuch as the evidence does not disclose that the $4,000 note was not worth its face, it was for the best interest of the estate to receive the $4,000 note rather than to require a settlement on the basis of the value of the land. Assuming that the court could, on the evidence introduced, find the note to be worth $4,000, it has not done so. Furthermore, respondent assumes as a fact that the land has been lost to the estate. This has not been determined. Indeed, the evidence shows that the mortgagee not only knew the purpose of the alleged conveyance to Sigvart Solberg, but consented thereto in order to collect the $1,700 mortgage, and himself distributed the proceeds of the $2,500 mortgage, no part of which passed through the hands of the respondent. It is intended herein to express no opinion as to the ownership of the land in question or the validity of any liens thereon. These matters are not presented to us.

The judgment and order appealed from should be, and they are, reversed.

MISER, C., sitting in lieu of BROWN, J.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.